### BLAIR et al. v. FLACK, Sheriff.

(Supreme Court, General Term, First Department, January 13, 1893.)

1. ATTACHMENT—RELEASE OF PROPERTY TO THIRD PERSON ON AGREEMENT TO SECURE PLAINTIFF'S CLAIM—CONSIDERATION.
  The release and surrender of attached property to a third person is a sufficient consideration to support the latter's agreement to deposit a check with the sheriff as security for plaintiff's claim, and of the sheriff's agreement to hold the same for plaintiff.

2. SECONDARY EVIDENCE—WHEN ADMISSIBLE.
  The copy offered as secondary evidence of an affidavit purporting to have been made by defendant, and used in another case, in which defendant made material admissions, was identified by an attorney, who testified that it was served on him, as attorney for plaintiff in that case, by the attorney for defendant therein, (defendant herein;) that the original was used in court in that case, and purported to have been sworn to by defendant. An employe of the office of the clerk of the court in which the original is alleged to have been filed and used testified that he had searched for the original two days, and could not find it. *Held,* that the copy was properly admitted, though there was no direct proof that defendant made and swore to the original. Van Brunt, P. J., dissenting.

3. APPEAL—REVIEW—RULINGS ON EVIDENCE—RECORD.
  Where the evidence, the exclusion of which is assigned as error, is not set out in the record, and its relevancy and materiality do not appear, the ruling will not be disturbed on appeal.

Appeal from circuit court, New York county.

Action by Alfred A. Blair and another against James A. Flack, late sheriff of the city and county of New York, for a false return of nulla bona on an execution. Plaintiffs had judgment, from which, and an order denying a new trial, defendant appeals. Affirmed.

For report of former appeal, see 17 N. Y. Supp. 64.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

David Tim, (Abram Kling, of counsel,) for appellant.

George H. Fletcher, (Herbert T. Ketcham, of counsel,) for respondents.

O'BRIEN, J. This action has been tried three times, and reviewed once by this court, (62 Hun, 509, 17 N. Y. Supp. 64,) the opinion giving a full and explicit statement of the facts upon which the issues between the

parties were formed. Since the appeal the pleadings have been amended; changing, to some extent, the issues. But as the principal issues were correctly defined in the former opinion, and the views therein expressed were availed of by the learned trial judge upon this last trial in such a way that no exception to his charge was taken, the only questions left upon this appeal are such as are presented by exceptions taken to the denial of the motions to dismiss the complaint, and to the admission or exclusion of certain evidence. A restatement of all the facts will not be required, because, by reference to the statement in the former opinion, and to so much of the facts as may be necessary to present the questions urged upon this appeal, we shall have sufficient data before us upon which to dispose of the case.

The plaintiffs assert that, having attached property of their debtor, they agreed with the sheriff that the latter should accept as security for their claim, in lieu of the levy made, the money of one Adams, which being given, they consented to release their lien upon the attached property. The appellant insists that it was error to refuse to dismiss the complaint, because, assuming that the agreement under which the plaintiffs sought to recover was established, such an agreement, being without consideration, was void. We cannot see the slightest force or merit in this suggestion. The plaintiffs, upon their attachment, had procured a levy by the sheriff upon the property, which ostensibly belonged to the debtor. It was entirely competent for a third person, desiring to obtain possession of the goods, whether under claim of ownership or not, to make a contract with the attaching creditors by which he would obtain possession thereof; and the surrender of the rights which the creditors thus obtained under their attachment was a consideration sufficient to support the agreement on the part of the third person that he would, in place of the attached property, deposit a check with the sheriff as security for plaintiffs' claim, and gave support to the sheriff's agreement in favor of plaintiffs.

A more serious question relates to the admissibility of a copy of an affidavit alleged to have been made by the sheriff, and used by the latter upon a motion made in the city court upon an application to interplead the plaintiffs in a suit brought by Adams, who was the person who had deposited the check with the sheriff, and which affidavit contained admissions claimed by plaintiffs to be fatal to defendant's defense. We do not think that any question is presented but that proof sufficient was offered to show the loss of the paper purporting to be an affidavit signed by the defendant, Flack, and used in the city court suit, and which was present in the court room on the former trial of this action. Nor is there any question but that such proof would have justified resort to secondary evidence as to the contents of the paper, assuming that sufficient appeared to show that the original was signed by, or brought home to, the defendant, Flack, against whom it was to be read as his declaration. As said in Nichols v. Iron Co., 56 N. Y. 618, however:

"Secondary evidence of the contents of a written instrument, when allowed, does not obviate the necessity of proving the genuineness of the instrument, but

renders it more imperative. Where secondary evidence of the contents of a writing is admissible, it is indispensable that the person by whom it is proposed to prove it should have seen and read the writing, and can speak from personal knowledge. There must be proof that the party either wrote it or authorized it to be written."

The question, therefore, is, was there proof that the affidavit, secondary evidence of the contents of which was read to the jury, was either written, or authorized to be written, by Flack? We will leave out of consideration, in this connection, any inference to be drawn from the admissibility of a copy of the affidavit upon the former trial, and refer to so much of the record as directly bears upon the question of proof that the original affidavit was written, or authorized to be written, by Flack. The copy was produced by the attorney who appeared for Adams in the city court case in his litigation against the defendant, Flack. He testified that this copy of the affidavit was served upon him, as such attorney, by Flack, acting through his attorney. When asked as to his means of knowledge of the identification of the copy with the original affidavit used by Flack upon the motion in the city court, he stated, in effect, that he knew it was a copy of the affidavit, because the original was submitted to the court on the motion, and referred to, and that the reference to the affidavit in the court showed that it was the same as the copy which the witness then had in his hand. It was also put beyond question that the attorney who presented the affidavit was the attorney for Flack, and that he read the affidavit purporting to be sworn to by Flack, and served the copy upon the witness which the latter produced in court, and which was admitted in evidence. We think, therefore, that where the loss of the original affidavit from the files of the city court was proved to the satisfaction of the trial court, and where the identity of the contents of the copy offered in evidence with the original appeared by the testimony of two witnesses, and the lost original paper was made a part of the proofs on a former trial, supplemented, as were these facts, by evidence to show that the original was served by Flack's attorney, and used upon the motion in the city court, a sufficient foundation was laid for the admission of the copy as proof of the contents of the lost original.

The action in the city court was stated by counsel to have been one brought by the third party, Adams, against the sheriff, to recover back the amount of the check deposited with the sheriff. The appellant here contends that it was error for the court to exclude the judgment roll in that action, or evidence that the plaintiff had notice of such action, and had been requested to defend the same. It is true the record shows that the defendant offered in evidence the judgment roll in an action in the city court wherein Adams was plaintiff, and Flack defendant, and that thereupon a discussion between court and counsel was indulged in, as to the purposes for which such judgment roll was offered. It appears to have been marked for identification, but it forms no part of the present record, and is not, therefore, before the court. So we fail to see how any great consideration is to be given to this, because we are unable to determine what the character of that action was. We probably would be right in assuming that it was an action brought by Adams

to recover back the money from the sheriff upon the theory that he had converted the same, but of this there is no proof in the record. Assuming, however, that it would have proven what the defendant's counsel offered to show, we do not think that, sustaining by competent proof the offer thus made, it would have in any way affected the plaintiffs' right to a recovery. If we may assume, as stated, that that action was brought against the sheriff for converting the money belonging to Adams, it can have little or no bearing upon the questions presented here, as to plaintiffs' right to recover, which was based upon an agreement alleged to have been made by the plaintiffs in this action and the sheriff and Adams. It must be remembered that the plaintiffs were not parties to that record, nor were they privies, for both Adams and Fleck held towards them an antagonistic position. The plaintiffs here held towards the sheriff no relation as surety indemnitor, or bailor, and therefore the effect of a suit brought by a third person against the sheriff, relating, as it may be, to the same subject-matter, could in no way be controlling, even though notice thereof had been brought home to the plaintiffs. They were justified in standing upon the claim which they made, of an agreement with the sheriff by which he held a fund sufficient to pay any claim which they might have recovered against the debtors; and we fail to see how a judgment, or notice of proceedings in an action resulting in a judgment, in favor of the third person, Adams, against the sheriff, for converting money belonging to Adams, could affect plaintiffs' right to recover. We think it, however, sufficient to say that where, as here, the judgment is absent from the record, and the relevancy and materiality do not clearly appear, we cannot conclude that the trial judge, with the record before him, made any error which would demand a new trial.

As no other errors upon the trial were assigned or urged upon this appeal, we are of opinion that the judgment should be affirmed, with costs and disbursements.

VAN BRUNT, P. J. I dissent. There was no proof whatever that any affidavit made by Flack ever existed, nor was there sufficient proof of the loss of such a paper. Nor was there any proof that the paper produced was the copy of any other.

BARRETT, J., (concurring.) The presiding justice suggests that there was no proof whatever that any affidavit made by Flack existed. If by this the presiding justice means there was no direct proof of Flack's signature and oath, I agree. But there was abundant proof that Flack made himself responsible for the existence of this affidavit, and for the statements therein contained; for upon it he applied to the city court for certain relief, and he served what purported to be a copy of this affidavit upon his adversary with his notice of motion. I can conceive of no more conclusive evidence of the existence of this affidavit, as against Flack, than these facts. It either existed, as Flack thus deliberately asserted, or he and his attorney were guilty of a fraud upon the city court in pretending that it existed, which we should not assume. But, whether this affidavit was actually verified or not, it was clearly admissible as a

statement made and put forward by Flack, and used by him upon the application which he made to the city court thereon, in his own interest and for his own benefit. There was also abundant proof that the paper admitted in evidence was a copy of this affidavit, and that the original could not be found. The learned counsel for the appellant, in criticising the ruling of the circuit court, quotes but a small part of the testimony upon the latter head. The witness, Duffy, in fact, testified that he had searched in the clerk's office of the city court for two days, "all over the books and papers of the date upon which the affidavit was recorded as having been filed," and could not find it. As to the point that the evidence was insufficient to show that the paper so admitted at circuit was a copy of the affidavit, the testimony of Mr. Daniels is controlling. This gentleman was the attorney for the plaintiff in the city court suit, and he distinctly testified that the paper which he produced was the identical copy of the affidavit which was served upon him by Flack's attorney. This copy so served was clearly admissible as an independent assertion by Flack of the statements therein contained, upon which statement he asked for relief. I therefore concur with Mr. Justice O'BRIEN that the paper in question was properly admitted. I also agree with him as to the other questions discussed, and I think the judgment should be affirmed, with costs.